# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE



| | |
|---|---|
| IN RE CABLETRON SYSTEMS, INC. SECURITIES LITIGATION | C.A. 97-542JD (N.H.) C.A. 99-408S (R.I.) |

## ORDER AND FINAL JUDGMENT

On the 30th day of August, 2005, a hearing having been held before this Court to

determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement

dated February 1, 2005 (the "Stipulation") are fair, reasonable and adequate for the settlement of

all claims asserted by the Class against the Defendants in the Second Amended Complaint now

pending in this Court under the above caption, including the release of the Defendants and the

Released Parties, and should be approved; (2) whether judgment should be entered dismissing

the Second Amended Complaint on the merits and with prejudice in favor of the Defendants and

as against all persons or entities who are Class Members herein who have not requested

exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable

method to allocate the settlement proceeds among the Class Members; and (4) whether and in

what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court

having considered all matters submitted to it at the hearing and otherwise; and it appearing that a

notice of the hearing substantially in the form approved by the Court was mailed to all persons or

entities reasonably identifiable, who purchased the common stock of Cabletron Systems, Inc.

("Cabletron"), or bought call options or sold put options in Cabletron common stock, during the

period from March 3, 1997 through December 2, 1997, inclusive (the "Class Period"), except

those persons or entities excluded from the definition of the Class, as shown by the records of

Cabletron's transfer agent, at the respective addresses set forth in such records, and that a

122 (P.I. #)

summary notice of the hearing substantially in the form approved by the Court was published in the national edition of The Wall Street Journal pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2.     The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the Class Members they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies this action as a class action on behalf of all persons who purchased the common stock of Cabletron, or bought call options or sold put options in Cabletron common stock, during the period from March 3, 1997 through December 2, 1997, inclusive. Excluded from the Class are Defendants, Enterasys Networks, Inc., the officers and directors of Cabletron at all relevant times, members of their immediate families (parents, spouses, siblings, and children) and their

2

legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are the persons and/or entities who requested timely exclusion from the Class as listed on Exhibit 1 annexed hereto.

4.    Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.    The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.    The Second Amended Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

7.    Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or

common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and unknown claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Second Amended Complaint and relate to transactions in Cabletron common stock and/or Cabletron options during the Class Period (the "Settled Claims") against any and all of the Defendants their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, insurers and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest, or assigns of the Defendants (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.       The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and unknown claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead

4

Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9.      Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b)     offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)     offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is

approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received as evidence of an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Second Amended Complaint would not have exceeded the Gross Settlement Fund.

10.     The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.     Plaintiffs' Counsel are hereby awarded 21.5% of the Gross Settlement Fund ($2,257,500) in fees, which sum the Court finds to be fair and reasonable, and $915,414.01 in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead

6

Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)     the settlement has created a fund of $10,500,000 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b)     Some 75,102 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 33-1/3% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately one million and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The action involves complex factual and legal issues and was actively prosecuted over seven years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

7

    (f)    Plaintiffs' Counsel have devoted 22,377 hours, with a lodestar value of $8,057,300.50 through August 30, 2005, to achieve the Settlement; and

    (g)    The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

14.    Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class and enforcement of the injunction against prosecuting Settled Claims against any Released Parties.

15.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:    Providence, Rhode Island
10/19/06 2006

Honorable William E. Smith
UNITED STATES DISTRICT JUDGE

## Exhibit 1

Requests for Exclusion from the Class:
*In re Cabletron Systems, Inc. Securities Litigation*

1. James R. Frank
   594 South Meadowlark Lane
   Marion, VA 24354

   Request postmarked 07/21/05

2. Tom Scherer
   7916 West 50th Street
   Merriam, KS 66202

   Request postmarked 06/21/05