UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN RE CABLETRON SYSTEMS, INC. SECURITIES LITIGATION  )<br>)<br>)<br>Charles Mesko, et al.,  )<br>      Plaintiffs,  )<br>)<br>    v.  )<br>)<br>Cabletron Systems, Inc., et al.,  )<br>      Defendants.  )<br>) | C.A. No.  97-542JD (N.H.)<br>C.A. No.  99-408S (R.I.) |

**ORDER GRANTING DISTRIBUTION OF CLASS SETTLEMENT FUNDS**

WILLIAM E. SMITH, United States District Judge.[1]

This matter is before the Court on the Plaintiffs' motion for distribution of class settlement funds ("Motion"). On October 13, 2006, this Court entered a Memorandum and Order certifying the class and approving the final settlement and plan allocation. The Order and Final Judgement entered on October 20, 2006. A Judgement was entered in the District of New Hampshire on January 16, 2007 ("Final Order") approving the terms of the Stipulation and Agreement of Settlement dated April 19, 2005 ("Stipulation") and the Plan of Allocation. This Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation and this Court has retained jurisdiction of the above-captioned action for purposes of considering any further application or

---

[1] Of the District of Rhode Island sitting by designation.

matter which may arise in connection with the administration and execution of the Settlement and the processing of Proof of Claim [and Release] forms ("Proofs of Claim") and distribution of the Net Settlement Fund to the Authorized Claimants.

Based on a review of Plaintiffs' memorandum of law, the Affidavit of Stephen J. Cirami in support of the motion ("Cirami Affidavit"), the Affidavit of George A. Bauer II in support of the motion ("Bauer Affidavit"), and all prior proceedings herein, after due deliberation, it is hereby ordered:

1. That the Motion is GRANTED.

2. That the administrative determinations of the Claims Administrator, The Garden City Group, Inc., accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Cirami Affidavit, including claims submitted after September 19, 2005 through and including July 21, 2008, be and the same hereby are approved, and said claims are hereby accepted.

3. That the administrative determinations of the Claim Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Cirami Affidavit be and the same hereby are approved, including the rejection of the six claimants who have requested this Court's review as listed in paragraph 13 of the Cirami Affidavit, and said claims are hereby rejected.

4. That The Garden City Group, Inc. be paid the sum of $284,739.74 from the Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with the services performed and to be preformed in giving notice to the Class, preparing tax returns for the Settlement Fund, processing the Proofs of Claim, and administering and distributing the Settlement Fund.

5. That the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Cirami Affidavit in proportion to the Recognized Claim allocable to each such eligible claimant as described in the Cirami Affidavit and the Bauer Affidavit and as shown on such printout.

6. That the payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER THE ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her, or its distribution within said time.

7. That the costs of such services to locate and reissue payments to such Authorized Claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund.

8. That, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Co-Lead Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distributions. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to a nonsectarian, not-for-profit organization(s) registered under Internal Revenue Code Section 501(c)(3) designated by Plaintiffs' Co-Lead Counsel.

9. That all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are

barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

10. That the Claims Administrator is hereby authorized to discard paper or hard copies of the Proofs of Claim and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less then three years after the initial distribution of the Net Settlement Fund to the eligible claimants.

11. That this Court retain jurisdiction over any further application or matter which may arise in connection with this action.

12. That no claim submitted after July 21, 2008 may be accepted for any reason whatsoever.

IT IS SO ORDERED.

_____
William E. Smith
United States District Judge
Date: 11/21/08